VASSAR REALTY CORPORATION, PLAINTIFF-RESPONDENT, v. GEORGE A. HILLMAN, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided September 8, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Samuel Rosenfeld*.

For the respondent, *Harry Federbush*.

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Passaic District Court in a suit for rent under an alleged lease of an apartment. The plaintiff's contention was that it and defendant had entered into a parol lease for the apartment for a period from January 1st, 1933, to September 30th, 1933, at a monthly rental of $70. The suit was to recover for the months of May, June, July, August and September, 1933. Plaintiff's version, testified to by its superintendent and his wife, was that the defendant agreed to lease for the nine month period; that he was to sign a written lease; that he refused to sign the lease when it was presented to him after he entered the premises; that he removed from the premises in April, 1933. The trial judge gave judgment for the plaintiff.

The first point urged for reversal is that it was error not to grant the motion for a nonsuit. The argument seems to

be that since a written lease was to be signed, the parties had not really come to any agreement which can be enforced and the tenancy was from month to month. *Wharton* v. *Stoutenburgh*, 35 *N. J. Eq.* 273, is relied on to support appellant's contention that where parties contemplate signing a formal agreement the failure to do so is evidence that they did not intend to bind themselves until the agreement was signed. This case does not help appellant because, admittedly, appellant went into possession under a parol agreement. If for nine months, it was not required to be in writing. The sole question presented at the trial was whether or not defendant agreed to lease for nine months. Plaintiff said he did and defendant denied it and asserted a letting from month to month. A narrow question of fact was presented, with testimony on both sides, and the trial judge resolved this question in favor of plaintiff. There is ample evidence to support this finding and it will not be disturbed on appeal.

The next point is that it was error to exclude a question asked defendant's wife on redirect examination, designed, it is said, to correct a mistake in her direct examination. The point is entirely without merit. It arose thus:

"*Q.* On March 1st, 1933, were you present in the house when Mr. Mac spoke to your husband? *A.* Yes, sir; Mr. Mac brought me the papers, and he brought them to me.

"*Q.* Were you present on March 1st, 1933, when your husband had a conversation with Mr. Bornstein? *A.* Yes, I was.

"Mr. Betz. I wish to call the court's attention to the discrepancy there.

"The Court: Yes, I am following."

Obviously, the mistake was that in the first question counsel said Mr. Mac when he meant Mr. Bornstein, and opposing counsel called the court's attention to the slip. Later, on redirect examination, the witness was asked:

"*Q.* What did you mean before when I asked you about a conversation between your husband and Mr. Mac on March 1st, 1933; what did you mean by that?"

Upon objection being made and sustained, appellant's counsel said:

"Exception. The statement was a misstatement of fact on my part; not on the part of the witness."

It thus appears that the question's exclusion was entirely harmless, since the true situation was apparent.

The third point urged by appellant is that it was error to refuse to direct a verdict for defendant. What was said in dealing with the first point covers this point.

The judgment is affirmed, with costs.